**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**
305 Roseberry Street
P.O. Box 800
Phillipsburg, NJ 08865
(908) 454-3200
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY DUNBAR REIFF,

    Plaintiff,

vs.

CHAD T. MARKS in his individual capacity and in his official capacity as a police officer, BOROUGH OF WEST READING, EDWARD FABRIZIANI in his individual capacity and in his official capacity as chief of police & WEST READING BOROUGH POLICE DEPARTMENT,

    Defendants.

Civil No. 08-CV-5963

FILED
DEC 2 4 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Civil Action

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, Jeffrey Dunbar Reiff, by way of this Complaint, alleges:

### I.   PARTIES

1. The Plaintiff, Jeffrey Dunbar Reiff, is an adult citizen of the United States and resides at 632 Penn Avenue, West Reading Borough, County of Berks, Commonwealth of Pennsylvania.

2. The Defendant, Chad T. Marks, is an adult citizen of the United States and at all times mentioned herein, has been an employee of the Borough of West Reading acting individually and/or in his official capacity as a police officer for the West Reading Borough Police Department, Pennsylvania, under color of state law, with a home address of 109 North Rosewood Court, Wernersville, County of Berks, Commonwealth of Pennsylvania.

1



3. Upon information and belief, the Defendant, Borough of West Reading is a municipal entity, political subdivision and a borough in the County of Berks, Commonwealth of Pennsylvania, with a business address of 500 Chestnut Street, West Reading, Pennsylvania.

4. Upon information and belief, the Defendant, Edward Fabriziani, is an adult citizen of the United States and at all times mentioned herein, has been an employee of the Borough of West Reading acting individually and/or in his official capacity as the chief of police for the West Reading Borough Police Department, Pennsylvania, under color of state law, with a home address of 24 Ridge Crest Drive, Borough of Fleetwood, County of Berks, Commonwealth of Pennsylvania.

5. Upon information and belief, the West Reading Borough Police Department is a department within the municipal entity, political subdivision of the Borough of West Reading, County of Berks, Commonwealth of Pennsylvania, with a business address of 500 Chestnut Street, West Reading, Pennsylvania.

## II.   JURISDICTION AND VENUE

6. Since the Plaintiff seeks to enforce his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under federal statutes, jurisdiction of this Court is conferred by 28 U.S.C. §1331. Jurisdiction over the state law claims is provided by 28 U.S.C. §1367 as pendent claims.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## III.   FACTUAL ALLEGATIONS

8. On or about January 5, 2007, the Plaintiff was operating his motor vehicle in West Reading Borough before he parked his motor vehicle in the common parking area of his residence. Upon parking his motor vehicle in the parking area, the Plaintiff exited his motor vehicle and proceeded to walk toward his residence. At the same time and place, the Defendant, West Reading Borough Police Officer Chad T. Marks (hereinafter "Ofc. Marks"), drove his patrol vehicle into the common parking area,

blocked the entranceway, exited his patrol vehicle and yelled at the Plaintiff to stop in his place. Ofc. Marks was communicating with the Plaintiff because he allegedly observed the Plaintiff stop his vehicle at a red traffic light beyond the stop line at the intersection of Franklin Street and South Fifth Street in West Reading Borough, which Ofc. Marks alleged to be a violation of the Pennsylvania Traffic Code.

9. While standing stationary next to his patrol vehicle, Ofc. Marks commanded the Plaintiff to stop with which the Plaintiff did not comply. Based solely upon the Plaintiff's failure to stand in his place so that Ofc. Marks could issue a traffic citation to the Plaintiff, Ofc. Marks fired his taser gun at the Plaintiff causing the Plaintiff to be seized in place, to be paralyzed momentarily and to fall to the ground in agony.

10. Without any provocation by the Plaintiff, without any explanation and without any justification under the law, and under the belief only that Plaintiff may have committed a minor traffic offense, Ofc. Marks fired his taser gun at the Plaintiff three more times causing the Plaintiff to be further temporarily paralyzed, anguished and harmed as set forth below.

11. After tasering the Plaintiff four times, Ofc. Marks arrested the Plaintiff and charged him with two violations of the Pennsylvania Motor Vehicle Code, to wit, driving under the influence of alcohol, a misdemeanor, in violation of 75 Pa.C.S. §3802(a)(1), and failure to obey a traffic control device, a summary offense, in violation of 75 Pa.C.S. §3112(a)(3)(i).

12. The above-referenced charges were docketed in the Court of Common Pleas of Berks County, Criminal Division, at no. 2007-1615. On February 26, 2008, with the assistance of counsel, the Plaintiff was acquitted of both the misdemeanor charge by a petit jury and the summary offense by a Judge of the Court of Common Pleas.

13. As a result of the January 5, 2007 incident, the Bureau of Driver Licensing of the Department of Transportation for the Commonwealth of Pennsylvania suspended the Plaintiff's privilege to operate a motor vehicle in the Commonwealth of Pennsylvania pursuant to 75 Pa.C.S. §1547, for his failure to submit to a chemical test of alcohol or drugs in his blood.

14. The Plaintiff retained counsel to challenge the validity of the action of the Bureau of Driver Licensing. The Plaintiff lost his appeal of the suspension of his motor vehicle operating privileges in the Court of Common Pleas which decision was affirmed by the Superior Court of Pennsylvania.

15. As a direct result of being struck by Ofc. Marks' taser gun four times, the Plaintiff was injured, to wit, suffering severe bodily injuries including, but not limited to: a concussion, neurological damage, multiple contusions and abrasions, scarring, post-traumatic stress disorder, depression, fear, anxiety and/or other mental and psychic injuries, as a result of which he was rendered sick, sore and disabled, all of which have been to his great financial loss.

16. The Plaintiff has suffered his injuries as a direct and a proximate result of all of the Defendants' conduct, acts and/or omissions as stated herein.

17. As a direct and a proximate result of the above-described occurrence, the Plaintiff has suffered in the form of loss of sensory function, loss of motor functions, limitations on range of motion up to the date of the filing of this Complaint, all of which has been to his great financial loss.

18. As a direct and a proximate result of the above-described occurrence, the Plaintiff will continue to suffer in the future, in the form of loss of sensory function, loss of motor functions, limitations on range of motion, all of which will be to his great financial loss.

19. As a direct and a proximate result of the above-described occurrence, the Plaintiff has suffered in the form of cosmetic damages from scarring and/or misalignment of bones up to the date of the filing of this Complaint, all of which has been to his great financial loss.

20. As a direct and a proximate result of the above-described occurrence, the Plaintiff will continue to suffer in the future in the form of cosmetic damages from scarring and/or misalignment of bones, all of which will be to his great financial loss.

21. As a direct and a proximate result of the above-described occurrence, the Plaintiff has suffered great physical pain, discomfort and mental anguish up to the date of the filing of this Complaint, all of which has been to his great financial loss.

22. As a direct and a proximate result of the above-described occurrence, the Plaintiff will continue to suffer great physical pain, discomfort and mental anguish into the future, all of which will be to his great financial loss.

23. As a direct and a proximate result of the above-described occurrence, the Plaintiff has been compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health up to the date of the filing of this Complaint, all of which has been to his great financial loss.

24. As a direct and a proximate result of the above-described occurrence, the Plaintiff will be compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore his health, all of which will be to his great financial loss.

25. As a direct and a proximate result of the above-described occurrence, the Plaintiff has suffered a loss of earning power and capacity up to the date of the filing of this Complaint, all of which has been to his great financial loss.

26. As a direct and a proximate result of the above-described occurrence, the Plaintiff will suffer a loss of earning power and capacity, all of which will be to his great financial loss.

27. As a direct and a proximate result of the above-described occurrence, the Plaintiff has not been able to pursue and to enjoy the usual activities of life of an individual of the Plaintiff's age, and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life up to the date of the filing of the Complaint, all of which has been to his great financial loss.

28. As a direct and a proximate result of the above-described occurrence, the Plaintiff will not be able to pursue and to enjoy the usual activities of life of an individual of the Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life throughout the remainder of his life, all of which will be to his great financial loss.

29. As a direct and a proximate result of the above-described occurrence, the Plaintiff has incurred attorney fees in excess of ten thousand dollars ($10,000.00) both defending himself against the charges filed by Ofc. Marks and disputing the validity of the suspension of his motor vehicle operating privileges by the Bureau of Driver Licensing, all of which has been to his great financial loss.

## IV.   CLAIMS FOR RELIEF

### COUNT I

(v. Marks for Assualt)

30. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29, inclusive, as though same were set forth herein at length.

31. The above-described occurrence was directly, proximately, legally and substantially caused by the knowing, intentional, purposeful and willful conduct, acts and/or omissions, or attempts of same, of Defendant Ofc. Marks, to wit, Ofc. Marks struck the Plaintiff with his taser gun.

32. The Plaintiff, in fact, was harmed by the assaultive conduct of Defendant Ofc. Marks aforesaid.

33. As a direct and a proximate result of the above-described conduct, acts and/or omissions, or attempts of same, of Defendant Ofc. Marks, the Plaintiff has suffered all of the damages as set forth above.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant Chad T. Mark's knowing, intentional, purposeful, willful and unconscionable conduct; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT II

### (v. Marks for §1983)

34. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive, as though same were set forth herein at length.

35. At all times relevant hereto, Defendant Ofc. Marks has been an employee of Defendant West Reading Borough acting in his official capacity as a police officer. During this time, Defendant Marks has been furnished with a taser gun by the Defendants, West Reading Borough, the West Reading Borough Police Department and/or Chief Edward Farbriziani to use in the performance of his law enforcement duties.

36. Prior to being furnished with a taser gun for use in the performance of his law enforcement duties, Defendant Ofc. Marks neither requested nor received any education, instruction or training on the proper use of said taser gun as well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun or from the Defendants, West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani.

37. On January 5, 2007, Defendant Ofc. Marks fired his taser gun at the Plaintiff four times under the circumstances set forth above without any knowledge, understanding and/or training of the effects the said deployment of the taser gun would have on the Plaintiff and without regard to the Plaintiff's health, safety or welfare.

38. The Plaintiff has a liberty interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to his bodily integrity.

39. The Defendant Ofc. Marks' acts, conduct and/or omissions in the use of the taser gun on the Plaintiff was in deliberate indifference to the Plaintiff's right to bodily integrity under the Fourteenth Amendment to the United States Constitution which is applicable to Defendant Ofc. Marks and is enforceable pursuant to 42 U.S.C. §1983.

40. As a direct and a proximate result of the above-described occurrence, the Plaintiff has suffered all of the damages set forth above.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant Chad T. Mark's knowing, intentional, purposeful, willful and unconscionable conduct;

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT III

### (v. Marks for §1983)

41. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, inclusive, as though same were set forth herein at length.

42. At all times relevant hereto, Defendant Ofc. Marks has been an employee of Defendant West Reading Borough acting in his official capacity as a police officer. During this time, Defendant Marks has been provided with a taser gun by the Defendants West Reading Borough, the West Reading Borough Police Department and/or Chief Edward Fabriziani to use in the performance of his law enforcement duties.

43. Prior to being furnished with a taser gun for use in the performance of his law enforcement duties, Defendant Ofc. Marks neither requested nor received any education, instruction or training on the proper use of said taser gun as well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun or from the Defendants, West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani.

44. On January 5, 2007, Defendant Ofc. Marks fired his taser gun at the Plaintiff four times under the circumstances set forth above without any knowledge, understanding and/or training of the effects the said deployment of the taser gun would have on the Plaintiff and without regard to the Plaintiff's health, safety or welfare.

45. The Plaintiff has a right under the Fourteenth Amendment and the Fourth Amendment to the United States Constitution not to be subjected to unreasonable seizures through the use of excessive force by the Defendants as state actors.

46. The Defendant Ofc. Marks' acts, conduct and/or omissions in the use of the taser gun on the Plaintiff was a violation of the Plaintiff's rights under the Fourteenth Amendment and the Fourth Amendment to the United States Constitution not to be subjected to unreasonable seizures through the use of excessive force which is applicable to Defendant Ofc. Marks and is enforceable pursuant to 42 U.S.C. §1983.

47. As a direct and a proximate result of the above-described occurrence, the Plaintiff has suffered all of the damages set forth above.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant Chad T. Mark's knowing, intentional, purposeful, willful and unconscionable conduct;

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT IV

### (v. Marks for False Imprisonment)

48. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47, inclusive, as though same were set forth herein at length.

49. The above-described false imprisonment and wrongful detention of the Plaintiff was directly, proximately, legally and substantially caused by the knowing, intentional, purposeful and willful conduct, acts and/or omissions, or attempts of same, of Defendant Ofc. Marks, to with, Ofc. Marks did unlawfully arrest, seize and restrain the Plaintiff on January 5, 2007.

50. The Plaintiff, in fact did was harmed by Defendant Ofc. Marks' conduct aforesaid.

51. As a direct and a proximate result of the above-described conduct, acts and/or omissions of the Defendant Ofc. Marks, Plaintiff has suffered all of the damages as set forth above.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant Chad T. Mark's knowing, intentional, purposeful, willful and unconscionable conduct; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT V

### (v. West Reading Borough – respondeat superior)

52. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 51, inclusive, as though same were set forth herein at length.

53. At all times mentioned herein, Defendant Ofc. Marks was acting as an agent, employee, servant, worker and/or joint venturer of Defendant West Reading Borough and acting under its direction, control and supervision.

54. At all times mentioned herein, Defendant West Reading Borough was responsible for the control and supervision of Defendant Ofc. Marks while he was performing his employment duties as a police officer for the Borough of West Reading including all of his acts, conduct and/or omissions on January 5, 2007.

55. Based upon the theory of Respondeat Superior/Agency, Defendant West Reading Borough is legally and directly responsible for the careless, negligent, grossly negligent, reckless and/or intentional acts of its agents, servants, workers, employees and/or joint venturers including Defendant Ofc. Marks on January 5, 2007, as set forth above.

56. The extensive injuries that the Plaintiff suffered as a result of the above-described occurrences were directly, proximately, legally and substantially caused by the carelessness, negligence, gross negligence, recklessness and/or intentional acts, conduct and/or omissions of Defendant Ofc. Marks as set forth above.

57. As a direct and a proximate result of the above-described conduct, acts and/or omissions of Defendant West Reading Borough, the Plaintiff has suffered all of the damages aforesaid.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant West Reading Borough's unconscionable conduct;

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT VI

### (v. West Reading Borough for §1983)

58. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, inclusive, as though same were set forth herein at length.

59. At all times mentioned herein, Defendant Ofc. Marks was acting as an agent, employee, servant, worker and/or joint venturer of Defendant West Reading Borough and acting under its direction, control and supervision.

60. At all times mentioned herein, Defendant West Reading Borough was responsible for the control and supervision of Defendant Ofc. Marks while he was performing his employment duties as a police officer for the Borough of West Reading including all of his acts, conduct and/or omissions on January 5, 2007.

61. Prior to being furnished with a taser gun for use in the performance of his law enforcement duties, Defendant Ofc. Marks neither requested nor received any education, instruction or training on the proper use of said taser gun as well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun or from the Defendants, West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani.

62. The Defendants West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani were aware that none of the West Reading Borough police officers, including Defendant Ofc. Marks, had received any education, instruction or training on the proper use of said taser gun well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun as of January 5, 2007, and nonetheless, not only allowed, but supplied and directed that the taser guns be used by West Reading Borough police officers such that it was the custom, practice and policy of Defendants West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani to employ the taser guns as aforesaid without regard to health, safety and welfare of those upon whom the taser guns are used.

63. The extensive injuries that the Plaintiff suffered as a result of the above-described occurrences were directly, proximately, legally and substantially caused by the purposeful custom, practice and policy of the Defendant West Reading Borough to employ the taser guns as aforesaid without regard to health, safety and welfare of those upon whom the taser guns are used set forth above.

64. As a direct and a proximate result of the above-described conduct and acts of Defendant West Reading Borough, the Plaintiff has suffered all of the damages aforesaid.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorney's fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant West Reading Borough's unconscionable custom, policy and practice;

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT VII

### (v. Fabriziani – respondeat superior)

65. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, inclusive, as though same were set forth herein at length.

66. At all times mentioned herein, Defendant Ofc. Marks was acting as an agent, employee, servant, worker and/or joint venturer of Defendant Chief Edward Fabriziani and acting under his direction, control and supervision.

67. At all times mentioned herein, Defendant Chief Edward Fabriziani was responsible for the control and supervision of Defendant Ofc. Marks while he was performing his employment duties as a police officer for the Borough of West Reading including all of his acts, conduct and/or omissions on January 5, 2007.

68. Based upon the theory of Respondeat Superior/Agency, Defendant Chief Edward Fabriziani is legally and directly responsible for the careless, negligent, grossly negligent, reckless and/or intentional acts of his agents, servants, workers, employees and/or joint venturers including Defendant Ofc. Marks on January 5, 2007, as set forth above.

69. The extensive injuries that the Plaintiff suffered as a result of the above-described occurrences were directly, proximately, legally and substantially caused by the carelessness, negligence, gross negligence, recklessness and/or intentional acts, conduct and/or omissions of Defendant Ofc. Marks as set forth above.

70. As a direct and a proximate result of the above-described conduct, acts and/or omissions of Defendant Edward Fabriziani, the Plaintiff has suffered all of the damages aforesaid.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant Chief Edward Fabriziani's unconscionable conduct;

(d) This Court award such other and further relief as this Court deems just and equitable.

### COUNT VIII

#### (v. Fabriziani for §1983)

71. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 70, inclusive, as though same were set forth herein at length.

72. At all times mentioned herein, Defendant Ofc. Marks was acting as an agent, employee, servant, worker and/or joint venturer of Defendant Chief Edward Fabriziani and acting under his direction, control and supervision.

73. At all times mentioned herein, Defendant Chief Edward Fabriziani was responsible for the control and supervision of Defendant Ofc. Marks while he was performing his employment duties as a police officer for the Borough of West Reading including all of his acts, conduct and/or omissions on January 5, 2007.

74. Prior to being furnished with a taser gun for use in the performance of his law enforcement duties, Defendant Ofc. Marks neither requested nor received any education, instruction or training on the proper use of said taser gun as well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun or from the Defendants, West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani.

75. Defendants West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani were aware that none of the West Reading Borough police officers, including Defendant Ofc. Marks, had received any education, instruction or training on the proper use of said taser gun well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun as of January 5, 2007, and nonetheless, not only allowed, but supplied and

directed that the taser guns be used by West Reading Borough police officers such that it was the custom, practice and policy of the Defendants West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani to employ the taser guns as aforesaid without regard to health, safety and welfare of those upon whom the taser guns are used.

76. The extensive injuries that the Plaintiff suffered as a result of the above-described occurrences were directly, proximately, legally and substantially caused by the purposeful custom, practice and policy of the Defendant Chief Edward Fabriziani to employ the taser guns as aforesaid without regard to health, safety and welfare of those upon whom the taser guns are used set forth above.

77. As a direct and a proximate result of the above-described conduct and acts of Defendant West Reading Borough, the Plaintiff has suffered all of the damages aforesaid.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorney's fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant Chief Edward Fabriziani's unconscionable custom, policy and practice;

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT IX

### (v. West Reading Borough Police Department – respondeat superior)

78. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, inclusive, as though same were set forth herein at length.

79. At all times mentioned herein, Defendant Ofc. Marks was acting as an agent, employee, servant, worker and/or joint venturer of Defendant West Reading Borough Police Department and acting under its direction, control and supervision.

80. At all times mentioned herein, Defendant West Reading Borough Police Department was responsible for the control and supervision of Defendant Ofc. Marks while he was performing his

employment duties as a police officer for the Borough of West Reading including all of his acts, conduct and/or omissions on January 5, 2007.

81. Based upon the theory of Respondeat Superior/Agency, Defendant West Reading Borough Police Department is legally and directly responsible for the careless, negligent, grossly negligent, reckless and/or intentional acts of its agents, servants, workers, employees and/or joint venturers including Defendant Ofc. Marks on January 5, 2007, as set forth above.

82. The extensive injuries that the Plaintiff suffered as a result of the above-described occurrences were directly, proximately, legally and substantially caused by the carelessness, negligence, gross negligence, recklessness and/or intentional acts, conduct and/or omissions of Defendant Ofc. Marks as set forth above.

83. As a direct and a proximate result of the above-described conduct, acts and/or omissions of Defendant West Reading Borough Police Department, the Plaintiff has suffered all of the damages aforesaid.

WHEREFORE, the Plaintiff, Jeffrey Dunbar Reiff, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in an amount to be proved at trial;

(b) This Court award the Plaintiff reasonable attorneys fees and costs of suit;

(c) This Court award the Plaintiff punitive damages for the Defendant West Reading Borough Police Department's unconscionable conduct;

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT X

### (v. West Reading Borough Police Department for §1983)

84. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, inclusive, as though same were set forth herein at length.

85. At all times mentioned herein, Defendant Ofc. Marks was acting as an agent, employee, servant, worker and/or joint venturer of Defendant West Reading Borough Police Department and acting under its direction, control and supervision.

86. At all times mentioned herein, Defendant West Reading Borough Police Department was responsible for the control and supervision of Defendant Ofc. Marks while he was performing his employment duties as a police officer for the Borough of West Reading including all of his acts, conduct and/or omissions on January 5, 2007.

87. Prior to being furnished with a taser gun for use in the performance of his law enforcement duties, Defendant Ofc. Marks neither requested nor received any education, instruction or training on the proper use of said taser gun as well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun or from the Defendants, West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani.

88. Defendants West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani were aware that none of the West Reading Borough police officers, including Defendant Ofc. Marks, had received any education, instruction or training on the proper use of said taser gun well as the effects of the use of said taser gun on individuals from either the manufacturer or the distributor of the taser gun as of January 5, 2007, and nonetheless, not only allowed, but supplied and directed that the taser guns be used by West Reading Borough police officers such that it was the custom, practice and policy of the Defendants West Reading Borough, the West Reading Borough Police Department and Chief Edward Fabriziani to employ the taser guns as aforesaid without regard to health, safety and welfare of those upon whom the taser guns are used.

89. The extensive injuries that the Plaintiff suffered as a result of the above-described occurrences were directly, proximately, legally and substantially caused by the purposeful custom, practice and policy of the Defendant West Reading Borough Police Department to employ the taser guns as aforesaid without regard to health, safety and welfare of those upon whom the taser guns are used set forth above.

### JURY DEMAND

Pursuant to F.R. Civ.P. 38(b), the Plaintiff hereby demands a trial by jury.

                                        **WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

BY:    */s/ Scott M. Wilhelm,*
            SCOTT M. WILHELM, ESQ., I.D. 77195
            Attorney for Plaintiff

DATED: December 23, 2008

### VERIFICATION

I, Scott M. Wilhelm, Esq., am the attorney for the Plaintiff in the within action and verify that the Complaint is legal in nature, that I am familiar with the facts contained therein and that the statements within are true and correct to the best of my knowledge, information and belief; and further state that as Attorney for the Plaintiff, I am best qualified to execute this verification to the foregoing Complaint. I understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

                                        **WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

BY:    */s/ Scott M. Wilhelm,*
            SCOTT M. WILHELM, ESQ., I.D. 77195
            Attorney for Plaintiff

DATED: December 23, 2008