IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY DUNBAR REIFF,<br><br>    Plaintiff,<br><br>  vs.<br><br>CHAD T. MARKS and BOROUGH OF WEST READING,<br><br>    Defendants. | No. 08-CV-5963 (CMR)<br><br>Civil Action |

## SCOTT M. WILHELM, ESQ.'S MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF

SCOTT M. WILHELM, ESQ., files this Motion to be Relieved as Counsel for Plaintiff, Jeffrey Dunbar Reiff, and states the following:

1. On December 24, 2008, I commenced this civil rights action on behalf of the Plaintiff against the Defendants originally named herein. See ECF Document #1.

2. Prior to commencing the action, I agreed to represent the Plaintiff on a contingency fee basis as set forth in the "Agreement to Provide Legal Services" which was signed and dated by the Plaintiff on March 24, 2008, (hereinafter "fee agreement"), which is attached hereto as exhibit "A".

3. The fee agreement includes a Section 3 which states:

**COSTS AND EXPENSES.** In addition to legal fees, you must pay the following costs and expenses:

Experts' fees, court costs, accountants' fees, appraisers' fees, service fees, investigators' fees, deposition costs, messenger services, photocopying charges, telephone toll costs, postage and any other necessary expenses in this matter.

The Law Firm will either require that you pay these expenses in advance or that you repay the Law Firm if they make these payments for you. The Law Firm will provide you with an itemized accounting of costs and expenses.

4. As of this date, my law firm has incurred out-of-pocket expenses in the sum of $12,335.00 as evidenced by exhibit "B" attached hereto.

5. At different times throughout this action, I have requested that the Plaintiff reimburse my law firm for expenses which have been incurred on his behalf. By way of example, on June 29, 2009, I sent the Plaintiff a letter in which I enclosed a report and a bill from our investigator. In that letter, I requested the Plaintiff make arrangements to pay the bill. See exhibit "C" attached hereto.

6. As of this date, Mr. Reiff neither has reimbursed my law firm for any of the expenses which we have incurred on his behalf nor has paid any invoices to vendors. Further, the Plaintiff has advised me on repeated occasions that he does not have any money to reimburse us and does not intend to reimburse us unless there is a recovery from the Defendants at the conclusion of the case.

7. As of this date, all of the pre-trial discovery has been completed, all of the pre-trial motions and all of the dispositive motions have been resolved, and the case is pending a Pre-Trial Conference which has not been scheduled. A trial date has not been set.

8. On May 23, 2011, I attended a Settlement Conference with Mr. Reiff before the Honorable Carol Sandra Moore Wells, U.S.M.J. During the three (3) hour Settlement Conference the relationship between me and Mr. Reiff reached a critical point where Mr. Reiff expressed his extreme dissatisfaction with my representation of him. Without piercing the attorney-client privilege, I can advise this Honorable Court of the following: (1) that my loyalty to Mr. Reiff was challenged by him; (2) that my motives were questioned by Plaintiff; (3) that my integrity and my professionalism were called into question; and, (4) that Mr. Reiff informed me he wished to seek advise from different legal counsel.

9. During our discussions with Magistrate Judge Wells, Mr. Reiff told Her Honor that he intended to seek new counsel and/or that he would terminate me and proceed *pro se* in this action.

10. At various times throughout the Settlement Conference on May 23, 2011, the fifty-two (52) year old Plaintiff telephoned his mother to consult with her regarding the events of that day. At one point, I spoke to Mr. Reiff's mother via the telephone. During that conversation, Plaintiff's mother yelled at me and accused me of not representing her son adequately. Specifically, Mr. Reiff's mother, Barbara Griesemer, stated the following: "They must have gotten to you." "What did West Reading pay you off too?" "Why aren't you fighting for Jeff?" She also made additional comments essentially accusing me of not protecting her son's interests in this case.

11. At the Settlement Conference, I reminded Plaintiff of his contractual obligation to cover my law firm's litigation expenses. Mr. Reiff repeatedly stated that he did not have any funds to meet his past, present, or future monetary obligations to my law firm. In fact, Mr. Reiff acknowledged that he was considering the possibility of filing bankruptcy so as not to have to pay his outstanding legal expenses and his outstanding medical bills.

12. I advised Mr. Reiff at the Settlement Conference that if the case were to proceed to trial, then there will be additional expenses of no less than $5,000.00 (a very conservative estimate) for our liability expert to testify at trial. In reality, the expert fee is likely to far exceed $10,000.00 as the expert must be present for the testimony of, at a minimum, both Mr. Reiff and Defendant, Chad T. Marks, in order to provide a legally sound opinion.

13. On May 27, 2011, I sent Mr. Reiff a letter via regular and certified mail R.R.R., in which I once again, sought reimbursement of my law firm's expenses of $12,335.00, in costs of the case. In that letter, I also requested an advance of $5,000.00, toward our liability expert's fee for trial testimony. See exhibit "D" attached hereto.

14. As of this date, Mr. Reiff has not responded to the letter.

15. At the present time, I no longer believe that I can represent Mr. Reiff's interests appropriately at trial. The relationship between Mr. Reiff and me is irreparably harmed. Again, without piercing the attorney-client privilege, Mr. Reiff is not confident in my trial strategy, has questioned my pre-trial discovery methods, has conveyed unrealistic demands upon me, has expectations of a result that are not supported by either the facts of his case or by controlling law, and refuses to take the time to evaluate my explanations of the law to him. I cannot communicate with Plaintiff regarding trial strategy because he does not believe I am representing his interests against Defendants. In fact, I believe he thinks I am allied with the Defendants. He does not believe that I will put forth my best efforts on his behalf. In short, it is now impossible for me to satisfy Mr. Reiff's demands of me.

16. I incorporate by reference herein the Legal Brief which accompanies this Motion.

WHEREFORE, Scott M. Wilhelm, Esq., counsel for Plaintiff, respectfully requests this Honorable Court enter an Order which relieves Scott M. Wilhelm, Esq., of Winegar, Wilhelm, Glynn & Roemermsa, P.C., of the obligation to continue to represent Plaintiff in this action.

*Respectfully submitted,*

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

/s/ Scott M. Wilhelm
**SCOTT M. WILHELM, ESQ.**
Attorney ID# 77195
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908)454-3200
Facsimile: (908)454-3322
wilhelms@verizon.net
*Counsel for the Plaintiff*

Dated: June 8, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Counsel's Motion to be Relieved as Counsel, Brief and proposed Order was filed electronically and is available for viewing and downloading from the ECF System. I further certify that I served the foregoing documents via United States Regular Mail, postage pre-paid, upon the Plaintiff and the Defendants' Counsel at the following addresses:

| | |
|---|---|
| Thomas C. Gallagher, Esq. | Jeffrey Dunbar Reiff |
| Deasey, Mahoney & Valentini, Ltd. | 632 Penn Avenue |
| 103 Chealsey Drive, Suite 101 | West Reading, PA 19611 |
| Media, Pennsylvania 19063 | |

**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**

/s/ Scott M. Wilhelm
**SCOTT M. WILHELM, ESQ.**
Attorney ID# 77195
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908)454-3200
Facsimile: (908)454-3322
wilhelms@verizon.net
*Counsel for the Plaintiff*

Dated: June 8, 2011